IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Jacquelyn McKenzie | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | Judge: |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Total Card, Inc. | ) | |
| 5109 S. Broadband Lane | ) | |
| Sioux Falls, SD 57108 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| Cavalry SPV I, LLC | ) | |
| 500 Summit Lake, Suite 400 | ) | |
| Valhalla, NY 10595 | ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

### INTRODUCTION

1. Plaintiff, Jacquelyn McKenzie, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Total Card, Inc. and Cavalry SPV I, LLC., Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e and 1692d

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff, Jacquelyn McKenzie, (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
6. Plaintiff is a resident of the State of Illinois.
7. Defendant, Total Card, Inc. ("Defendant"), is a South Dakota business entity with an address of 5109 S. Broadband, Sioux Falls, SD 57108. operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Defendant, Cavalry SPV I, LLC. ("Defendant") is a New York business entity with an address of 500 Summit Lake Drive, Suite 400, Valhalla, NY 10591 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendants" shall refer to Total Card, Inc. and Cavalry SPV I, LLC.
10. At some point, the original creditor, transferred this debt to Defendant (Cavalry SPV I, LLC) for debt collection.

## ALLEGATIONS

11. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $401.04 (the "Debt") to an original creditor (the "Creditor")
12. This debt has been in default since approximately 2007.
13. Furthermore, Plaintiff filed Bankruptcy, Chapter 13, and later converted to Chapter 7 in 2011; she was fully Discharged of her debt, including the debt described in paragraph 11 on June 27, 2011.
14. After the Bankruptcy Discharge, the Debt was purchased, assigned or transferred to Defendant (Cavalry SPV I, LLC) for collection, or Defendant was employed by the Creditor to collect to Debt.

15. Within a year prior to the filing of this Complaint, Plaintiff explained to Defendant (Cavalry SPV I, LLC) that she already filed Bankruptcy on this debt.
16. After Plaintiff notified Defendant (Cavalry SPV I, LLC) of the Bankruptcy, Defendant (Cavalry SPV I, LLC) hired Defendant (Total Card, Inc) as their debt collector.
17. On or about August 11, 2016, Plaintiff received said letter from Defendant (Total Card, Inc.) See Exhibit A.
18. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
19. The Debt was beyond the Illinois Statute of Limitations for lawsuit.
20. While the letter does not use the exact word "settle" in it, it states "[W]e believe most people want to do the right thing and satisfy their past financial obligations." See Exhibit A.
21. Furthermore, said letter threatens to contact Plaintiff through phone calls and letters if she does not pay this debt or enter in to a payment agreement on this debt.
22. On the bottom of said letter it states "[T]he law limits how long you can be sued on a debt. Because of the age of your debt, Cavalry SPV I, LLC cannot sue you for it. If you do not pay the debt, Cavalry Portfolio Services, LLC may report or continue to report to the credit reporting agencies as unpaid." See Exhibit A.
23. Under 15 U.S.C. Section 1681c, a debt collector can only report a defaulted debt to the credit bureaus for seven and a half years after the default.
24. In this case, the debt has been in default for approximately ten years.
25. The Court in *Delgado vs. Capital Management Services, LP, et al.*, 4:12-cv-4057-SLD-JAG (C.D. Ill. 2013) spoke very favorably regarding the consent decree secured by the Federal Trade Commission with Asset Acceptance, LLC.
26. Said Decree requires the debt collector to disclose to consumers

whether it knows or believes that a debt was incurred outside the limitations period, using this language: (1) the debt collector can not sue you for the debt and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *Delgado vs. Capital Management Services, LP, et al.*, 4:12-cv-4057-SLD-JAG (C.D. Ill. 2013)

27. In the case at bar, after threatening to contact Plaintiff if she does not enter in to a payment arrangement on this debt and potentially reporting this to the credit bureaus, Defendant fails to mention that if Plaintiff pays one penny on this debt, the statute of limitations is revived and Defendants will be free to sue Plaintiff for this debt.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
29. The Defendants' conduct violated 15 U.S.C. Section 1692d in that it attempted to collect on a debt that was legally Discharged in Banruptcy.
30. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
31. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff